O’Connell, J.
This is an action on behalf of the state of Ohio, brought by H. M. Rulison, as prosecuting attorney of Hamilton county, and Louis A. Ireton, as its legal counsel, against George Schott, administrator of the estate of Leo Schott, deceased, upon the bond of Leo Schott, as treasurer of Hamilton county, for the years 1894-1896, as well as against the sureties on his bond for the said term. His term of office ended in September, 1896. Suit was brought in April, 1906.
The circuit court of this county has held that suits such as this are properly brought under the provisions of Section 2921, General Code (1277, R. S.). See State, ex rel, v. Western German Bank, 13 C. C. (N. S.), —. The court in that decision holds further that the state of Ohio is not the real party in interest, and that the plea of the statute of limitations is available as a defense.
The suit at bar is unqualifiedly an action upon the bond of the treasurer and his sureties. Hence it is subject to the ten year provision of the statute of limitations. (See Section 4948, Revised Statutes.) For that reason this one action out of the large number of suits brought against former terasurers and their bondsmen, is alone within the time allowed by statute for bringing such suits. The 'others are barred through lapse of time. As to all such suits, therefore, the demurrers will be sustained.
As to this ease at bar, however, it would appear that the principles announced by our Supreme Court in the .case of Eshelly v. Board of Education, 66 O. S., 71, are decisive. The syllabus of that case is as follows:
“The treasurer of a school district who, under favor of the proviso of Section 6841, Revised Statutes, deposits''its funds in a bank which allows interest on the average balance of the deposit, is required to account to the school district, for such interest.”
It is true the proviso of Section 6841 does not extend to county treasurers, but the language of the court in its opinion makes plain the fundamental principles on which it based its decision. On page 73 the court say:
*524 ‘ ‘ Counsel for the plaintiff in error has made it quite clear that the liability of the treasurer is absolute, and that it differs in that respect from that of the ordinary trustee or bailee who may be exempt from liability on account of funds lost without his negligence or connivance. But it does not necessarily follow that funds coming into the hands of the treasurer are his, nor that upon the receipt of money in his official capacity the relation of debtor and creditor is established between him and the district. To the contrary it is quite clear that instead of being the creditor of the district he is its treasurer—the custodian of its funds—and that he acquires custody of the funds without acquiring title to them.”
The funds which Mr. Schott deposited in the various banks were not his private funds—they were public funds. Such money came into his custody and control because of his official position as treasurer of Hamilton county and for no other reason. Only because of being such officer did he have the 'opportunity and occasion of making such deposits. These facts which are substantially alleged in'the petition, “are quite irreconcilable with the theory that they (the funds) became, the property 'of the officer, and he a mere creditor” [debtor] of the"county.
To quote further from the Eshelby ease, supra, at page 74:
“Whether he (the treasurer) should be regarded as ‘a bailee with express and extraordinary liabilities,’ or as 'a special trustee,’ is not material, for he is, in either view, the custodian of funds which belong to another. Since the funds belong to the school district, the ultimate question in the case is answered in favor of the defendant in error by the elementary proposition, that in the absence of a statute or stipulation to the contrary the increment follows the principal.”
This fundamental proposition that the increment follows the principal is therefore the basis of the liability of treasurer Schott. If he was liable for failure to properly account for the principal, he is liable for failure to account for the interest which is the increment of that principal.
This decision is in nowise affected by the principle laid down in the case of State v. Griffiths, 74 O. S., 80, wherein the sureties on the bond of Griffiths were released from liability for the reason that Griffiths misappropriated funds in nowise covered by the terms of his bond.
*525 There is no charge made of shortage in the principal; in fact it is conceded in the amended petition that treasurer Schott did faithfully pay over all the principal sum covered by the bond, and faithfully accounted for every sum charged on his boobs as treasurer. Nevertheless, this interest being the money of "the county, although not appearing on the books of the treasurer, it was money which came into his hands as treasurer of the county, because this interest money is the increment of the principal sum which is directly covered by the terms of the bond.
The contention of the defendants that, the act of the treasurer in depositing the county’s money in banks and receiving interest thereon was unlawful, is unavailing. This argument is answered by the Supreme Court in the case of Greenville v. Anderson et al, 58 O. S., 463, wherein the court say, at page 478:
“But there was no failure of Elliott to account for and pay over the moneys he wrongfully received, except his failure to cover them back into the treasury. His wrong was in the means employed to obtain the money; and while these were violations of law, they were nevertheless official acts. If the acts of an officer are to be regarded as unofficial whenever they are illegal, an official bond could serve no useful purpose, for there can be no breach so long as he performs his duties according to law. ' It is only when some duty has been omitted, or disregarded, or improperly .or illegally performed, that a liability can arise.”
The objection that the suit can not be entertained against the estates of certain defendants because claims were not first presented to the administrators, is not tenable, in view of the language of the court in the case of Pepper v. Sidwell, 36 O. S., 454, at pp. 457-458:
“The provision .of the statute exempting the' administrator from liability to be sued, until certain preliminary steps are taken, or a certain period of time has elapsed, is a privilege that may be waived. The object of the statute is to afford the administrator an opportunity to allow all.valid claims against the estate, and thereby avoid litigation and expense. It was designed to protect estates from unnecessary costs and vexation where the administrator is satisfied that the claim is just and valid. Here the validity of the claim was in fact disputed, at the trial, and the liability of the defendant thereon denied, and the plaintiff *526 subjected to large expense and trouble in resisting a defense made to its merits. To subject him to the expense and hazard of a trial, and then deprive him of a judgment, notwithstanding the issues were determined in his favor, upon the ground that the petition is defective in the particular mentioned, would be manifestly unjust. The conduct of the administrator, in contesting the claim, shows that the estate lost nothing by the omission to present the claim for' allowance.”
Thus the court holds that the presentation of the claim is not jurisdictional, that such presentation may be waived or may be omitted, when the record of the case shows that such omission is not prejudicial to the rights of the administrator or is justified by other circumstances.
The demurrer to the petition will, therefore, be overruled.